UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKY BROWN,

      Plaintiff,

-against-

THOMAS GRIFFIN, SUPERINTENDENT OF
GREEN HAVEN CORRECTIONAL FACILIITY,
et al.,

      Defendants.

17-cv-08447 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

  Plaintiff Rick Brown ("Plaintiff"), proceeding *pro se*, commenced this action on November 1, 2017, pursuant to 42 U.S.C. § 1983 for alleged Fourteenth Amendment violations against Defendants Thomas Griffin ("Griffin"), Superintendent of Green Haven Correctional Facility, Sergeant Anspach ("Anspach"), Dr. M. Ashong ("Dr. Ashong") and New York State. (ECF No. 2.) Presently before the Court is Defendants' motion to dismiss the Complaint (ECF No. 25.) in its entirety, pursuant Federal Rule 12(b)(1) and Rule 12(b)(6), for lack of subject matter jurisdiction and for failure to state a cause of action. For the following reasons, the Defendants' Motion is GRANTED without opposition.

## FACTUAL BACKGROUND

  The following facts are taken from Plaintiff's Complaint and are accepted as true for purposes of this motion.[1]

  Plaintiff is a *pro se* inmate housed at Green Haven Correctional Facility ("Green Haven"), a prison within the New York State Department of Corrections and Community Supervision

---

[1] The Court assumes the truth of the facts alleged in Plaintiff's Complaint for purposes of this motion only. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

("DOCCS"). Plaintiff initiated this action on or about November 1, 2016, for alleged violations of 42 USC § 1983 and the Eight Amendment. Plaintiff alleges that on or about May 29, 2017, while ascending stairs at Greenhaven, he felt a sharp shooting pain in his left hip causing it to give way. Plaintiff immediately fell to the ground resulting in further injuries to his hip and left knee. Plaintiff asserts that Defendant Dr. Ashong failed to timely review his medical records which would have revealed that Plaintiff was is in need of a left hip replacement and had chronic left knee problems which required prior surgeries. Had Griffin and Dr. Ashong properly reviewed Plaintiff's medical records, they would have requested Plaintiff be medically assigned (a "Flat Pass") to the first floor of the facility. Plaintiff also asserts that sometime prior to his fall, he informed Defendant Anspach of his medical history and the need for Plaintiff to be on the first floor of the facility to avoid using the stairs. Soon after his fall, Plaintiff was taken to the clinic and then to the Putnam County Hospital Center for treatment.

Plaintiff asserts that Defendant Griffin, as Superintendent of the facility, is responsible due to his failure to properly train his employees. Plaintiff alleges Griffin was similarly aware of his medical condition and need for placement on the first floor because he was transferred from the Washington Correctional Facility to Greenhaven in order to accommodate Plaintiff's lack of "mobility issues." According to Plaintiff, Greenhaven is a facility designated for prisoners with medical accommodation needs. Since his arrival at Greenhaven, despite his medical needs, Plaintiff has been required to "walk up and down" three flights of stairs on a daily basis with the use of a cane. Lastly, Plaintiff suggests he was not accommodated with a Flat Pass because of Defendants' malicious intent. Plaintiff filed a grievance concerning his fall on or about June 9, 2017. Attached to Plaintiff's Complaint is a memorandum, dated June 5, 2017 (after Plaintiff's fall), addressed to Plaintiff from Assistant Deputy Superintendent of DOCCS, David Howard,

wherein he indicates Plaintiff was transferred to Greenhaven in order to accommodate his mobility issues.

## STANDARD OF REVIEW

### Lack of Subject Matter Jurisdiction

On a motion to dismiss for "lack of subject matter jurisdiction," Fed. R. Civ. P. 12(b)(1), dismissal of a case is proper "when the district court lacks the statutory or constitutional power to adjudicate it," *Nike, Inc. v. Already*, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A plaintiff has the burden of proving subject matter jurisdiction by preponderance of the evidence. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012*); Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova*, 201 F.3d at 113). "'[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" Morrison, 547 F.3d at 170 (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).

### Failure to Properly Plead

On a 12(b)(6) motion, dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

Where a *pro se* Plaintiff is concerned, Courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The Court must therefore interpret the pleading "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted). Nevertheless, a *pro se* plaintiff's pleading must contain factual allegations that sufficiently "raise a right to relief above the

3

speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010); *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (noting that court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it").

## DISCUSSION

### 42 USC § 1983 CLAIMS

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes*.*" *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); see *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); see *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. See *Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (noting that Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution") (citation omitted).

4

**Inadequate Medical Care**

To sustain a claim of deliberate indifference to adequate medical care, a plaintiff must allege that (1) objectively, the deprivation of adequate medical care was sufficiently serious, and (2) subjectively, defendants acted with deliberate indifference. See *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Salahuddin v. Goord*, 467 F.3d 263, 279–81 (2d Cir. 2006). "The objective component requires that 'the alleged deprivation [] be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists.'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). For the subjective prong, the official charged with deliberate indifference must act with a "sufficiently culpable state of mind." See *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prison official may only be found liable if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Under the second prong, the question is whether defendants "knew of and disregarded an excessive risk to [a plaintiff's] health or safety and that [they were] both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." *Kucharczyk v. Westchester Cty.*, 95 F. Supp. 3d 529, 537 (S.D.N.Y. 2015) citing *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009).

"Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness—'an act or a failure to act by [a] prison doctor that evinces a conscious disregard of a substantial risk of serious harm.'" *Hill,* 657 F.3d at 123 (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)) (internal quotation omitted); see also *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) (noting that an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction

of pain or to be repugnant to the conscience of mankind") (quotations omitted); *Hathaway*, 99 F.3d at 553 (observing that "negligent malpractice do[es] not state a claim of deliberate indifference"); *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation"). Finally, "[b]ecause Section 1983 imposes liability only upon those who actually cause a deprivation of rights, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (quotations and citations omitted).

Giving Plaintiff's allegations every favorable inference, his attempt to assert a claim for inadequate medical care fails. Plaintiff alleges that immediately after falling, he was taken to the facility's clinic and thereafter taken to the Putnam County Hospital where he received treatment. The allegations, as asserted, fail to establish the requisite culpable state of mind of deliberate indifference. Mere conclusory statements are insufficient. For that reason, the motion to dismiss any and all claims of inadequate medical care must be granted.

**Hazardous Condition**

A claim of deliberate indifference to a hazardous condition in a prison is analyzed in the same manner as a claim of deliberate indifference to a serious medical condition. Recognizing that the Eighth Amendment's prohibition against cruel and unusual punishment "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), the conditions of incarceration must nonetheless be "humane." *Farmer*, 511 U.S. at 832. To allege a proper claim, an inmate must state that (1) he suffered "a deprivation that is, objectively, sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) a sufficiently culpable state of mind on the part of the defendant official, such as deliberate indifference to

[the] inmate['s] health or safety." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). Such risk of harm has been equated with the standard of subjective recklessness. See *Kucharczyk*, 95 F. Supp. 3d at 537 (internal citations omitted).

Plaintiff alleges that being made to walk up and down several flights of stairs three times a day is cruel and unusual punishment. Objectively, such allegations of cruelty does not rise to the level of inhumane treatment. While it may have been uncomfortable to Plaintiff, given his pre-existing medical condition, it cannot be said that he objectively suffered a deprivation which is sufficiently serious that he was denied the minimal civilized measure of life's necessities.

Plaintiff's claim of the existence of a hazardous condition likewise fails for lack of the requisite culpable state of mind. Plaintiff asserts that Griffin and Dr. Ashong acted with deliberate indifference. However, other than Plaintiff's conclusory allegations, there are no other facts alleged to establish that they were aware of Plaintiff's pre-existing medical condition, that Plaintiff had to walk up and down stairs several times a day, and that it was painful for Plaintiff to do so. Plaintiff asserts that both Griffin and Dr. Ashong should have known or they had knowledge of his medical condition by mere virtue of their position at the facility. Such allegations are insufficient. While Plaintiff alleges that he informed Defendant Anspach of his pre-existing condition, such information alone is insufficient. There are no allegations asserted that any of the Defendants, including Anspach, knew that walking up and down the stairs was harmful or posed a risk to Plaintiff.

**Personal Involvement**

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). Accordingly, "personal involvement of defendants in

7

alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). A supervisory defendant may be personally involved in a constitutional deprivation within the meaning of 42 U.S.C. § 1983 if he or she: (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation, including where he or she directly participated in the infraction and where, after learning of the violation, failed to remedy the wrong. *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir.1986) (internal citations omitted). See also *Morgan v. Ward*, No. 14 Cv. 7921, 2016 WL 427913, at *6 (S.D.N.Y. Feb. 2, 2016) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)); *Lloyd v. City of New York*, 43 F. Supp. 3d 254, 266 (S.D.N.Y. 2014); *Ramey v. Perez*, No. 13 Cv. 17, 2014 WL 407097, at *4 (S.D.N.Y. Jan. 31, 2014).

Plaintiff asserts Defendant Griffin is liable merely by virtue of his supervisory position. As a supervisor of the facility, Griffin should have known of Plaintiff's pre-existing condition and medical needs. Similarly, as a member of the medical staff, Dr. Ashong should have reviewed and known of Plaintiff s medical condition and records. Other than asserted in conclusory fashion, there are no facts to establish such allegations. Plaintiff does not allege that either Griffin and/or Dr. Ashong ever looked at his hip and knee medical records. Nor does Plaintiff allege that any of the named Defendants assigned Plaintiff to the third floor of the facility requiring the use of the stairs.

**Qualified Immunity**

All three Defendants contend that they are entitled to qualified immunity. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was

'clearly established' at the time of the challenged conduct.*" Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011); see also *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) ("Government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Harlow*, 457 U.S. at 818–19.

It is within the Court's discretion to determine the order in which the two prongs are analyzed*. Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A defendant enjoys qualified immunity if he can show that "either (a) [his] action did not violate clearly established law, or (b) it was objectively reasonable for [him] to believe that his action did not violate such law." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.2d 246, 250 (2d Cir. 2001) (internal quotation marks and citations omitted). "A right is 'clearly established' when '[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Vincent v. Yelich,* 718 F.3d 157, 166 (2d Cir. 2013); accord *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The Court must consider "(1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional law of the Supreme Court and the applicable circuit court support[s] the existence of the right in question; and (3) whether under preexisting law a reasonable official would have understood that his or her acts were unlawful*." Burns v. Citarella*, 443 F. Supp. 2d 464, 470 (S.D.N.Y. 2006) (*citing Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir. 1991)); accord *Savino v. Town of Southeast*, 983 F. Supp. 2d 293, 308 (S.D.N.Y. 2013); see also *Doninger v. Niehoff*, 642 F.3d 334, 345 (2d Cir. 2011); *K.D. ex rel. Duncan v. White Plains Sch. Dist*., 921 F. Supp. 2d 197, 212 (S.D.N.Y. 2013).

9

The proper standard in assessing the reasonableness of a government official's actions is whether those "actions were objectively reasonable in light of the legal rules that were clearly established at the time [they were] taken," *Burns,* 443 F. Supp. 2d at 469 (emphasis added) (citing *Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 211-12 (2d Cir. 2003)); see also *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012) (personal liability "generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." (quoting *Anderson*, 483 U.S. at 639)); *Harlow*, 457 U.S. at 818 (discussing "[r]eliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law"); *Zahra v. Town of Southfield*, 48 F.3d 674, 686 (2d Cir. 1995) (officials protected "from liability for damages unless it is further demonstrated that their conduct was unreasonable under the applicable standard"), not merely whether the actions were objectively reasonable generally, see *Crawford-El v. Britton*, 523 U.S. 574, 593–94 (1998) ("The reasoning in *Harlow*, like its specific holding, does not justify a rule that places a thumb on the defendant's side of the scales when the merits of a claim that the defendant knowingly violated the law are being resolved. And, a fortiori, the policy concerns underlying *Harlow* do not support [the dissent's] unprecedented proposal to immunize all officials whose conduct is 'objectively valid,' regardless of improper intent."); *Brennan v. City of White Plains*, 67 F. Supp. 2d 362, 376 (S.D.N.Y. 1999) (although qualified immunity may apply "to constitutional violations requiring a demonstration of subjective intent, it is not clear that the doctrine . . . allows a generalized 'reasonableness' defense to Section 1983 claims" (citing *Crawford-El*, 523 U.S. at 593–94)). "Defendants bear the burden of showing that the challenged act was objectively reasonable in light of the law existing at that time." *Rosen v. City of New York*, 667 F. Supp. 2d 355, 362 (S.D.N.Y. 2009) (quoting *Varrone v. Bilotti*, 123 F.3d 75, 78 (2d Cir. 1997)).

Based on the foregoing, it is the Court's determination that Defendants are entitled to qualified immunity. There is a dearth of cases involving the issuance of a Flat Pass and whether an inmate is entitled to one such that the right is not clearly established. Moreover, the allegations suggest both Griffin and Dr. Ashong were unaware of Plaintiff's condition and his need for a pass. Lastly, there are no allegations that Defendant Anspach had the authority to issue a Flat Pass to Plaintiff and withheld it upon being informed by Plaintiff of his medical condition and the need for a pass.

## CONCLUSION

For the stated reasons, Defendants' motion to dismiss the Complaint is granted without opposition. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 25, close the case, mail a copy of this Opinion to Plaintiff and show proof of service on the docket..

December 20, 2018  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge